# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2009

Charles R. Fulbruge III
Clerk

No. 09-10093
Summary Calendar

MARCUS HODGE

Plaintiff - Appellant

v.

OFFICER WILLIAMS

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-cv-00330

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Inmate Marcus Hodge appeals the district court's dismissal with prejudice under 28 U.S.C. §§ 1915A and 1915e of his lawsuit against Officer Williams under 42 U.S.C. § 1983. We AFFIRM.

Hodge contends that he advised Officer Williams that another prisoner, Deryl Ware, "said I couldn't pray no more and if I did we would fight." According to Hodge, Williams stated that no one could keep him from praying, and he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would look into it. Hodge then went to a visitation. Upon his return, Ware allegedly confronted him, saying Williams had advised Ware of Hodge's complaint. Ware then assaulted Hodge, who alleges that he suffered cuts on his hand, a cut lip, and a sore neck, though he says he has no continuing injuries.

Through the prison discipline system, Hodge was ultimately found guilty of disciplinary violations of fighting and reckless conduct arising from the fight and received a sanction of "15 days no visitation." His grievance against Williams was denied.

Hodge filed a §1983 action against Officer Williams alleging that he failed to protect Hodge from Ware and was deliberately indifferent in doing so. The district court requested a more definite statement, and Hodge responded. The district court then conducted a screening under 28 U.S.C. §1915A. The court concluded that Hodge's allegations failed to state a claim for which relief could be granted, and dismissed under §1915A(b)(1). Although the court found that Ware's threat to Hodge constituted a substantial risk of harm, it found insufficient allegation of facts to support Hodge's contention that Williams was deliberately indifferent to that risk. Alternatively, the court found that only de minimis injuries were alleged and dismissed on that ground as well.[1]

On appeal, Hodge contends that Williams failed to follow policy in how he handled Hodge's allegations. He abandons his claim for compensatory damages, stating "Mr. Hodge is only seeking punitive damages." Hodge argues that *Davidson v. Cannon*, 474 U.S. 344 (1986), supports his appeal.

After reviewing the record, we agree with the district court that Hodge has failed to allege facts sufficient to support a finding of deliberate indifference. *See id.* at 347-48 ("Respondents' lack of due care in this case led to serious injury, but that lack of care simply does not approach the sort of abusive government

---

[1] Because we affirm on the first ground, we need not reach the alternative ground.

conduct that the Due Process Clause was designed to prevent.") While Williams's handling of the situation by talking to Ware ultimately was ineffectual, Hodge's allegations do not support a finding that it was deliberately indifferent. Hodge has not alleged facts sufficient to support recovery of punitive damages against Williams. *See Smith v. Wade*, 461 U.S. 30 (1983).

The district court's judgment is AFFIRMED.